RECEIVED
APR - 5 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNETH MICHAEL WRIGHT, LLC | * | CIVIL ACTION NO. 2:16-CV-01713 |
| v. | * | |
| KITE BROS., LLC, ET AL. | * | JUDGE JAMES T. TRIMBLE, JR. |
| | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Untimely Bankruptcy Appeal, for Frivolous Appeal Damages and to Recover Costs, Expenses, and Attorney Fees (Rec. Doc. 5) filed by the appellees, Robert Kite and Kite Bros. LLC. For the following reasons, the Motion (Rec. Doc. 5) will be **GRANTED**.

### I. FACTS & PROCEDURAL HISTORY

On March 1, 2013, R. Alan Kite ("the debtor") filed for bankruptcy in the Western District of Louisiana. *In re: R. Alan Kite*, 13-bk-20270 (W.D. La.) (Rec. Doc. 1). The bankruptcy filing stayed a state court proceeding in which Kenneth Wright was representing the debtor against the appellees.[1] On June 19, 2013, the bankruptcy court modified the stay in regard to the state court proceeding, allowing the state court trial to proceed, while keeping jurisdiction over the enforcement of any judgment. *In re: R. Alan Kite*, 13-bk-20270 (W.D. La.), (Rec. Docs. 60-62). Mr. Wright was appointed special litigation counsel for the debtor by the bankruptcy court,

---

[1] *Kite v. Kite*, C-2009-184 (36th Judicial Dist. La.), *consolidated with Kite v. Kite Brothers*, C-2006-2412, *and Kite Brothers, LLC v. Kite*, C-07-1110. The debtor, A. Kite, filed suit against R. Kite and Kite Bros. LLC. R. Kite and Kite Bros. LLC then filed counterclaims against the debtor. The debtor's claims were dismissed before he filed for bankruptcy, so that the only claims remaining in the suit were the appellee's counterclaims against the debtor.

1

to defend against the appellees' counterclaims in the state action. *In re: R. Alan Kite*, 13-bk-20270 (W.D. La.), (Rec. Doc. 67). After the stay was lifted, the state court scheduled the case for trial on August 1, 2013.

On July 30, 2013, Mr. Wright, on behalf of his client, removed the state court action to federal district court based on 28 U.S.C. §§ 1334 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. *Kite v. Kite Brothers LLC*, 2:13-cv-02381-PM-KK, (W.D. La.) (Rec. Doc. 1). The district court held an emergency telephone conference regarding the removal on August 1, 2013. During the telephone conference, the court determined that removal was untimely and remanded the case. The court specifically instructed the parties to proceed with state court proceedings that were scheduled that same day. *See Kite v. Kite Brothers LLC*, 2:13-cv-02381-PM-KK, (W.D. La.) (Rec. Doc. 3). The state court delayed the scheduled trial until 1:00 P.M. on August 1, 2013, so that Mr. Wright could be present. (Rec. Doc. 5-12). Shortly after the announced delay, Mr. Wright notified the court that he would not attend the trial, arguing that the state court would not have jurisdiction over the case until the state court received a certified copy of the order of remand. *See* (Rec. Doc. 5-12).

On the afternoon of August 1, 2013, the trial court proceeded without the debtor or Mr. Wright and entered a judgment against the debtor. Mr. Wright appealed the judgment to the state circuit court, *Kite v. Kite Bros.*, 2014-807 (La. App. 3 Cir. 7/15/15), 170 So.3d 1184, and moved for the federal district court to reconsider its remand, *Kite v. Kite Brothers LLC*, 2:13-cv-02381-PM-KK, (W.D. La.) (Rec. Doc. 5). Both the state appeal and the federal motion for reconsideration failed. *See Kite v. Kite Bros.*, 2014-807 (La. App. 3 Cir. 7/15/15), 170 So.3d 1184; *Kite v. Kite Brothers LLC*, 2:13-cv-02381-PM-KK, (W.D. La.) (Rec. Doc. 13).

After the state appellate court affirmed the appellees' judgment, the appellees sought to enforce the judgment in bankruptcy court, and Mr. Wright objected to the appellees' claim, again arguing that the state court did not have jurisdiction over the suit when it entered a judgment against the debtor. *In re: R. Alan Kite*, 2:13-bk-20270 (W.D. La.), (Rec. Doc. 404). On November 17, 2016, the bankruptcy court overruled the objection. The order overruling the objection was entered on November 28, 2016. *Id.* (Rec. Doc. 419). Mr. Wright filed a Notice of Appeal on December 13, 2016, fifteen days after the order was entered. *Id.* (Rec. Doc. 420). The appellees move for dismissal of the appeal because it was filed untimely. The appellees also request double costs, expenses, and fees under the Federal Rules of Bankruptcy Procedure 8020(a) and 9011, or in the alternative, under the court's inherent power or as a contempt order for failing to comply with the federal district court's order in 2013.

## II. LAW & ANALYSIS

### A. Jurisdiction Over the Appeal

First, the appellees argue that the appeal must be dismissed because it was untimely filed, and the court lacks jurisdiction over untimely filed bankruptcy appeals. Under Federal Rule of Bankruptcy Procedure 8002, an appeal must be filed within 14 days after the entry of an order. The 14-day time limit to file an appeal is jurisdictional because 28 U.S.C. § 158 "expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002." *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013). Therefore, if an appeal from a bankruptcy order is untimely, the district court does not have jurisdiction to hear the appeal, and the court has "no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

3

Mr. Wright filed a notice of appeal one day late,[2] which means that the court does not have jurisdiction to hear the appeal. Mr. Wright argues that the Fifth Circuit's ruling in *In re Berman-Smith* is contrary to Supreme Court precedent. (Rec. Doc. 8-1, pp. 1-3 (citing *Bowles*, 551 U.S. 205; *Kontrick v. Ryan*, 540 U.S. 443 (2004)). He argues that the 14-day deadline in Rule 8002 is not jurisdictional because it comes from the Federal Rules of Bankruptcy Procedure and not a statute, but the Fifth Circuit specifically addressed this argument in *In re Berman-Smith*. 737 F.3d at1003. The Fifth Circuit, and every other circuit court that has addressed whether Rule 8002's deadline is jurisdictional,[3] determined that the deadline is jurisdictional and based on a statute because 28 U.S.C. § 158, "expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002." *Id.* Mr. Wright's argument fails, and the court does not have jurisdiction to hear the appeal. *See, e.g., In re Sobczak–Slomczewski,* 826 F.3d 429, 432 (7th Cir. 2016) (finding that the court did not have jurisdiction to hear a bankruptcy appeal that was filed one day past the deadline).

### B. Jurisdiction to Impose Sanctions

Second, the appellees move for the court to sanction Mr. Wright for filing this frivolous appeal under Federal Rules of Bankruptcy Procedure 8020 and 9011, or in the alternative, under the court's inherent power or as a contempt order for not complying with the federal district court's 2013 order to proceed with the state court trial. Mr. Wright argues that if the court does not have jurisdiction over the appeal, the court does not have jurisdiction to sanction him. (Rec. Doc. 8-1, p. 3). However, a court may sanction lawyers for abusing the judicial process even

---

[2] The Order overruling his objection was entered on November 28, 2016, which gave Mr. Wright until December 12, 2016, to file an appeal. Mr. Wright did not file a notice of appeal until December 13, 2016.

[3] *See In re Sobczak–Slomczewski,* 826 F.3d 429, 432 (7th Cir. 2016); *In re Caterbone,* 640 F.3d 108, 111 (3d Cir. 2011); *In re Latture,* 605 F.3d 830, 836 (10th Cir. 2010).

when the court does not have subject matter jurisdiction over the underlying dispute. *Ratliff v. Stewart*, 508 F.3d 225, 229 (5th Cir. 2007). The court can award sanctions without subject matter jurisdiction over the underlying matter when the basis for the sanctions are collateral to the merits, such as sanctions for filing frivolous motions. *See id.* at 231. Therefore, the court does have jurisdiction to sanction Mr. Wright for abusive filings under Rules 8020(a) and 9011, even though the court does not have jurisdiction to decide the merits of the appeal.

Mr. Wright also argues that sanctions are not appropriate because the Louisiana Third Circuit Court of Appeals held three panel hearings on his state appeal and determined that his state appeal was not frivolous. This argument fails. Whether the underlying state appeal was frivolous is irrelevant to whether re-arguing the same issues in front of this court is frivolous. Under Rule 9011, if the other party moves for sanctions and the attorney has an opportunity to respond, an attorney can be sanctioned for making frivolous arguments in filings with the court. Fed. R. of Bankr. P. 9011(b)(2), (c). Under Rule 8020(a), after an appellee moves for sanctions and the appellant has an opportunity to respond, the district court can "award just damages and single or double costs to the appellee" if it determines "that an appeal is frivolous." Fed. R. of Bankr. P. 8020(a). The court finds that sanctions are appropriate under Rule 9011 and Rule 8020(a) because the appellant has filed a frivolous appeal that rehashes an argument that has already been considered and denied by this district court and the Louisiana court system . *See Kite v. Kite Brothers LLC*, 2:13-cv-02381-PM-KK, (W.D. La.) (Rec. Doc. 13); *Kite v. Kite Bros.*, 2014-807 (La. App. 3 Cir. 7/15/15), 170 So.3d 1184. The appellees will be awarded reasonable costs and attorney fees for having to defend this frivolous appeal. Because costs are awarded based on Rule 9011 and 8020(a), the court will not consider whether it has jurisdiction to award costs as part of a contempt order.

### III. <u>CONCLUSION</u>

The appellees' Motion to Dismiss (Rec. Doc. 5) will be granted, and the appeal will be dismissed for lack of jurisdiction. The appellees' Motion for Sanctions (Rec. Doc. 5) will be granted, and the appellees will be awarded reasonable costs and attorney fees.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 5th Day of April, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE