U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY - 4 2017

TONY R. MOORE, CLERK
BY: _____ MB
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| KENNETH MICHAEL WRIGHT, LLC | CIVIL ACTION NO. 2:16-01713 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| KITE BROTHERS LLC, ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

On April 5, 2017, the court issued a Memorandum Ruling and Judgment[1] wherein we granted Appellee's motion to dismiss the instant bankruptcy appeal[2] and also granted Appellee's motion for attorney's fees for Appellants filing a frivolous appeal. The court then ordered the Appellee to submit an itemized statement of fees and costs and also ordered Appellant to file its rebuttal. Appellees filed their statement, but Appellant failed to timely file its rebuttal and the undersigned denied Appellant's motion for extension of time to do so.

Once a court has determined that a movant is entitled to attorney fees, then it must determine the amount. The calculation of reasonable attorney fees involves a well-established two-step process.[3] Step one calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers.[4] The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work.[5] The product is the lodestar which the district court can either accept or adjust upward or downward,

---

[1] R. #11 and 12.
[2] R. #5.
[3] Migis v. Pearle Visions, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998).
[4] La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995).
[5] In re Fender, 12 F.3d 480, 487 (5th Cir. 1994).

1

depending on the circumstances of the case, assessing twelve relevant factors set forth in Johnson v. Georgia Highway Express, Inc.[6]

Two attorneys represented the Appellees in this case – Scott Scofield and Phillip DeVilbiss. Staci Wheat assisted as the paralegal. Mr. Scofield has practiced for thirty-three (33) years and Mr. DeVilbiss has practiced for seventeen (17) years. Depending upon the complexity of the case, Mr. Scofield's rates range from $250 to $495 per hour, whereas Mr. DeVilbiss' rates range from $185 to $450 per hour. Mrs. Wheat's customary billing fee is from $100 to $125 per hour. Appellees' counsel remarks that because the law firm considers Appellees long-time clients, the firm agreed to represent Appellees at the following rates:

| | |
|---|---|
| Mr. Scofield | $225 per hour |
| Mr. DeVilbiss | $185 per hour |
| Mrs. Wheat | $110 per hour |

There is no doubt that the motion to dismiss and motion for sanctions involved complex issues as well as having to deal with the convoluted relevant filings. The court further notes that the favorable results obtained by Appellees preserved their proof of claim valued at $926,381.60.

The court finds that these rates are well within the range of prevailing market rates in the area.[7] Appellees have provided a detailed and itemized statement of hours billed for certain tasks performed by the attorneys and their paralegal. Mr. Scofield billed 22.7 hours, Mr. DeVilbiss spent 88.4 and Mrs.

---

[6] 488 F.2d 714, 717-719 (5th Cir. 1974)(the factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.
[7] See Dugas v. Mercedez Benz, USA, LLC, 2015 WL 1198604 (W.D. La. 3/16/15).

Wheat incurred one (1) hour. The court further finds that the amount of hours spent to dismiss the instant frivolous appeal is reasonable.

## CONCLUSION

For the reasons set forth above, the court will not make an adjustment to the lodestar amount, but will award Appellees' attorney fees in the amount of $21, 571.50.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 4th day of May, 2013

*/s/ James T. Trimble, Jr.*
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**